UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:02-CR-50 |
| v. | ) | *Collier* |
| | ) | |
| TIMOTHY L. FOSSIS | ) | |
| | ) | |

## **M E M O R A N D U M**

Defendant Timothy L. Fossis ("Defendant") has filed a *pro se* motion for return of certain property (Court File No. 15). Pursuant to Fed. R. Crim. P. 41(g), Defendant requests an order requiring the return of property he alleges was illegally seized by the Chattanooga Police Department.

Although it was ordered to do so by the Court on April 13, 2006 (Court File No. 16), the Government has not to date filed any response to this motion. The Government failure to file any opposition to the request is considered agreement with Defendant's request. E.D.TN. L.R. 7.2. For the following reasons, the Court will **GRANT** Defendant's motion for return of property (Court File No. 15).

I. **RELEVANT FACTS AND PROCEDURAL HISTORY**

On August 13, 2000, an officer with the Chattanooga Police Department ("CPD") stopped Defendant's vehicle, and after officers saw him throw something that was in his hand towards the hood of the vehicle, officers took him into custody, searched under the hood of the vehicle, and seized a 9 mm pistol, magazine, and ammunition, and six rocks of crack cocaine. Defendant states at this time he had $130.00 in cash his right pocket, and the chain of custody form submitted with

this motion indicates the cash, along with the other items, was seized from him (Court File No. 15, p. 8).

Then on April 16, 2002, the CPD executed a narcotics search warrant at Defendant's residence, and the chain of custody form submitted with this motion shows officers seized drugdealing paraphernalia, marijuana, crack cocaine rocks, powder cocaine, a 9 mm pistol, magazine, and ammunition, two cell phones, and a total of $754.00 cash (Court File No. 15, pp. 9-10). Defendant states $500.00 of this cash was located in a drawer with the ammunition and $249.00 was found in his right pants pocket.

Defendant states, and the chain of custody forms he has submitted indicate, the items seized in both the 2000 and 2002 incidents, including the cash, were taken to the CPD property section as evidence (Court File No. 15 at 7-10). Defendant also states he never received any notification the property would be forfeited.

Defendant was indicted on April 23, 2002 in connection with these two incidents and charged with one count each of possession with the intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); one count of possession with the intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count each of carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm after being convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9) (Court File No. 2).

Defendant pleaded guilty pursuant to a plea agreement to one count each of possession with the intent to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1)

and (b)(1)(C); one count of possession with the intent to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and one count of possession of a firearm after being convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9) (Court File No. 10). Defendant was sentenced to 112 months imprisonment (Court File No. 12).

Defendant did not directly appeal his judgment.

## II. ANALYSIS

Defendant requests an order, pursuant to Fed. R. Crim. P. 41(g), requiring return of the property seized during the vehicle stop and search of his residence, "and/or that he be compensated" (Court File No. 15). Defendant argues no forfeiture order was entered in this case, therefore the CPD must return the property to him.

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . ." A motion pursuant to Rule 41(g) is treated as a civil action in equity when, as here, the owner of the property invokes the Rule after the conclusion of his criminal proceedings. *United States v. Dusenbery*, 201 F.3d 763, 768 (6th Cir. 2000).

Defendant has alleged he is aggrieved by the deprivation of property pursuant to an illegal search that was not subject to any forfeiture order. The Government has not filed an opposition to Defendant's request. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. TN. L.R. 7.2. Since the Government does not oppose this request, the Court concludes Defendant has demonstrated good cause. For good cause shown, pursuant to Rule

3

41(g), the Court hereby **GRANTS** Defendant's motion for return of property (Court File No. 15).

### III. <u>CONCLUSION</u>

For all the foregoing reasons, therefore, the Court will **GRANT** Defendant's motion for return of property (Court File No. 15) and will **ORDER** the CPD to return to him $884.00 in United States currency and other personal property seized during the vehicle stop on August 13, 2000 and search of his residence on April 16, 2002.

An Order shall enter.

                                        **/s/**
                                        **CURTIS L. COLLIER**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

4

Case 1:02-cr-00050   Document 17   Filed 08/15/06   Page 4 of 4   PageID #: 4